244 So.2d 681 (1971)
Wayne Arthur TILLMAN
v.
HOLSUM BAKERIES, INC., Travelers Insurance Company and Thomas Guidry.
No. 4263.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
Rehearing Denied March 10, 1971.
Writ Refused April 14, 1971.
Meyer Sabludowsky, New Orleans, for plaintiff-appellant.
Ignatz G. Kiefer, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Before REDMANN, STOULIG and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff appeals from a judgment dismissing on the merits his suit for damages for false arrest and imprisonment.
Defendants are a bakery employee whose actions resulted in the arrest of plaintiff, *682 the bakery and its insurer. On two separate occasions while delivering bread for the employer, the employee, Thomas Guidry, was the victim of armed robbery. Both robberies were reported to the police. After the second robbery the police asked Guidry to view pictures of criminal suspects. From one of these photographs, Guidry identified plaintiff as the first armed robber.
The police therefore arrested plaintiff, who was already in the city jail awaiting trial on municipal charges. Plaintiff agreed to appear in a line-up where Guidry positively identified him as the armed robber. Plaintiff was thereupon placed in the parish prison.
Guidry, while thereafter on his bread route, observed several young men on different occasions who bore a resemblance to plaintiff. Guidry began to doubt whether he could be truly positive in his identification of plaintiff. He went to the District Attorney's office to explain his uncertainty and signed a statement that he could not positively identify plaintiff as the robber. The District Attorney's office nevertheless did not dismiss the bill of information. A preliminary hearing was held 14 days later, and the armed robbery charge was then dismissed for insufficient evidence. Plaintiff was returned to the city jail pending disposition of the unrelated municipal charges (which were ultimately dismissed).
In a case of allegedly wrongful detention, to recover damages a plaintiff must show either (1) that "the arrest is made either without any legal process or warrant or under a warrant void and null on its face", or (2) that "the proceedings are had in pursuance of legal process maliciously, and wrongfully, obtained." The former case is usually described as false imprisonment; the latter, as malicious prosecution. De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496, 497 (1933).
Plaintiff here shows neither situation. There is no evidence to suggest the arrest was made without proper legal process; the only complaint is that Guidry should never have identified plaintiff to the police as the armed robber.
The only evidence which might suggest that Guidry acted out of malice in identifying plaintiff is his testimony that, to him, some other young men he later saw on his route bore a resemblance to plaintiff. There is an attempted inference that Guidry therefore was never in a position to honestly identify plaintiff, and that his doing so was a reckless act without probable cause for which he ought to bear the consequences.
But Guidry steadfastly testified he was "positive" of his identification both from the police picture and from the line-up. Doubt did subsequently come, but we cannot, in the absence of any contrary evidence, simply reject Guidry's testimony of the honesty of his initial identification. Guidry did not know plaintiff. We cannot hold his identification to be so reckless as to constitute malice.
To hold one liable in damages, because he honestly made an identification of an alleged criminal although later doubt enters his mind, would be to invite such a one in the future to conceal his doubt and lie, and thus perhaps send the suspect to the penitentiary and infamy through perjury to save one's self from liability. A more grievous outrage against justice can hardly be imagined.
"Those who honestly seek the enforcement of law and the administration of justice, and who are supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party suspected may be guilty of the offense charged, should not be made unduly apprehensive that they will be held answerable in damages." Lyons v. Carroll, 107 La. 471, 31 So. 760, 761 (1902).
Plaintiff has proved neither false imprisonment nor malicious prosecution. The judgment dismissing his suit is correct and it is affirmed at his cost.
Affirmed.