339 So.2d 543 (1976)
Larry C. SINGLETON et al.
v.
Darrell TOWNSEND et al.
No. 7698.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
*544 Morris G. Becnel, Boutte, for Larry Singleton, Brian Singleton, Michael Friloux and Edward Murray, plaintiffs-appellees.
Emile L. Turner, Jr., New Orleans, for Darrell Townsend, Time Saver Stores, Inc. and Royal Indemnity Co., defendants-appellants.
Before REDMANN, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
Plaintiffs, Larry Singleton, Brian Singleton, Michael Friloux, and Edward Murray, bring this suit in tort against the defendants, Darrell Townsend, Time-Saver Stores, Inc. and Royal Globe Indemnity Insurance Company, seeking damages for fear of life, embarrassment and humiliation, and false imprisonment, resulting from a high-speed auto chase, shooting, and subsequent arrest for theft. Defendants appeal from the trial court's judgment for the plaintiffs.
In the case of wrongful detention, to recover damages a plaintiff ordinarily must show (1) that "the arrest is made either without any legal process or warrant or under a warrant void and null on its face", or (2) "the proceedings are had in pursuance of legal process maliciously, and wrongfully, obtained." Tillman v. Holsum Bakeries, Inc., La.App., 244 So.2d 681 (1971).
Further, it is argued that defendant are liable by reason of article 2316, Louisiana Civil Code, which states:
"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
and article 2315, which states:
"Every act whatever of man that causes damage to another obliges him by *545 whose fault it happened to repair it. * * *"
The uncontested facts as stated by the trial judge in his reasons for judgment are these:
"All witnesses agree, or are supported by undisputed evidence to the following:
(1) Larry Singleton pumped his own fuel after entering the store;
(2) Michael Friloux purchased food for which he paid a store clerk;
(3) Brian Singleton purchased food for which he paid a store clerk;
(4) The four plaintiffs were at the store for some 15 minutes.
(5) After the plaintiffs left the store Nancy Carona reported to Darrell Townsend that the $4.00 of gas was not paid for. This Court feels it is important that the clerk knew the amount of the purchase at that time.
(6) Darrell Townsend picked up a pistol and drove after the Singleton vehicle driving at a speed of up to 100 m.p.h. in order to overtake the plaintiffs.
(7) During the chase Townsend fired five (5) bullets at the plaintiffs hitting Singleton's auto twice. The plaintiffs were under the impression that three (3) shots had been fired at them.
(8) As a result of a complaint filed by Darrell Townsend, all of plaintiffs were arrested by deputies of the sheriff's office, charged with theft and placed in jail. None had previous records of arrests.
(9) Later, following their release on bond, Larry Singleton filed charges against Darrell Townsend, who under cross-examination without objection admitted he was convicted in another division of this Court, of assault with a deadly weapon."
The trial judge considered the central issue in this case when in his reasons for judgment he made the following statements: "Larry Singleton, driver and owner of the auto in which the plaintiffs were traveling testified that he paid the store clerk with four $1.00 bills. This testimony is supported by Brian Singleton, Michael Friloux and Edward Murray. Nancy Carona and Darrell Townsend, employees of the store, testified that neither of them were paid for the gasoline. Other than this conflict no other dispute exists."
The reasons for judgment do not specifically say that the judge disbelieved the defendants or believe the plaintiffs, nonetheless his subsequent holding that the plaintiffs had met the burden of proof as the basis for his judgment, shows that the trial judge obviously believed that the purchase price had in fact been paid.
On the record as composed, we see no manifest error on the findings of the trial court as to the liability. The trial judge obviously decided this case on the basis of the credibility of the witnesses. Our duty in such a case is to leave that judgment undisturbed absent manifest error on the part of the trial court. Canter v. Koehring Company, 283 So.2d 716, La.1973. The trial judge found the sole cause of plaintiffs' incarceration to be defendant storekeeper's negligence and held him liable for plaintiffs' damages. See Jones v. Simonson, La.App., 292 So.2d 251 (1974).
As to the shooting incident in which defendant admittedly fired five shots at the plaintiffs' auto, we can find no justification for such an act. We affirm as to the liability of the defendants.
We move to a consideration of damages. The awarding of damages, with the exception of specific damages, is within the sound discretion of the trial judge. LCC Art. 1934(3). The trier of facts should be upheld unless manifest error is found in the record. Harper v. New Orleans Public Service, Inc., 300 So.2d 546, La.App. 1974.
While we are aware that the award in one case does not control in any other case, nevertheless we are required to examine the issue of the appropriateness of the quantum of the awards and have examined awards in the following cases. Brasher v. Gibson's Products Co., La.App., 306 So.2d 842 (1975); Harvey v. Bertaut, La.App., 303 So.2d 211 (1974); Hoffman v. All Star Insurance Corporation, La.App., 288 So.2d 388 *546 (1974); Motichek v. Clovis-Hendry, Inc., La.App., 280 So.2d 225 (1973); Firstley v. Bill Watson Ford, Inc., La.App., 268 So.2d 314 (1972); Tillman v. Holsum Bakeries, Inc., La.App., 244 So.2d 681 (1971); Hughes v. Standidge, La.App., 219 So.2d 6 (1969); Stevens v. Mumphrey, La.App., 218 So.2d 642 (1969).
Under the rationale of those cases previously cited we believe that an award of $5,000 for each plaintiff is excessive and that an award of $1,000 for each plaintiff for the chase and shooting and $1,500 for each plaintiff for false imprisonment is adequate.
For the foregoing reasons, we amend the judgment appealed by reducing the quantum to the following: Larry Singleton, One hundred twenty-five dollars and 17 cents ($125.17) special damages and Two thousand five hundred dollars ($2,500.00) general damages; Brian Singleton, Michael Friloux and Edward Murray, two thousand five hundred dollars (2,500.00) each for general damages, and as amended, we affirm.
AMENDED AND AFFIRMED.