ON REHEARING
We granted a rehearing in this matter to reconsider our original holding which affirmed the trial judge’s award of $75,000.00 for lost earnings. Appellant, Harry E. Wood and Associates (Wood) argues on rehearing that his award should be $170,-049.75 as determined in accordance with *1125 the provisions of paragraph 17 of the lease. That provision states:
“Should lessee fail to perform any of the terms and conditions hereunder, and such default continued (sic) for ten (10) days after written notice thereof, then Lessor shall receive, provided that Lessor’s equipment shall remain in place and in operating condition, an average monthly rental during such period in which default exists, and all reasonable attorneys’ fees for the enforcement thereof. The monthly rental referred to above shall be the average of the previous twelve (12) monthly gas savings computed at current costs.”
Wood argues that the parties to the contract agreed to the above provision as “liquidated” or “stipulated” damages as provided by La.C.C. Art. 1934(5). Appellees, Charity Hospital of Louisiana (Charity) respond that the amount of damages are not a sum certain, and are insusceptible of determination since the heater was in operation only a week, thus the trial judge had discretion in his award of damages. See, Singleton v. Townsend, 339 So.2d 543 (La. App. 4th Cir.1976).
The measure of damages for breach of contract is provided in Civil Code Article 1934. That article provides in part:
“Where the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived ...”
Subsection five (5) of that article, relied on by Wood provides:
“Where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. But when the contract is executed in part, the damages agreed on by the parties may be reduced to the loss really suffered, and the gain of which the party has been deprived, unless there has been an express agreement that the sum fixed by the contract shall be paid, even on a partial breach of the agreement.”
The trial judge in his reasons for judgment, concluded that “... the computation by the plaintiff for his lost earnings is not a precise figure and the Court exercises its discretion in awarding lost earnings in the sum of $75,000.00.” We must agree with the lower court’s reasoning in this regard. Paragraph 17 of the lease agreement does provide a formula for determining Wood’s loss in the event of default by lessee. However, since the unit was in operation only a week, it is not possible to determine the “monthly rental” figure. That figure was to be determined using an average over a 12 month period. The parties agreed to this and the courts will not intervene to relieve a party of a bargain.
However, we do feel that the trial court was in error in failing to award Wood the total loss he sustained as a result of the breach by Charity. Clearly, the $75,000.00 award was for the earnings lost by Wood in not being able to operate his heater for the two year period of the lease. In addition to the lost profit, Wood incurred installation expenses of $53,121.00, insurance expenses of $5,133.00, and removal costs in the amount of $6,700.00. We do agree that in accordance with the first paragraph of Civil Code Article 1934, cited above, these amounts are part of the loss he has sustained.
Accordingly we amend our original judgment in this matter to increase Wood’s award from $77,086.00 [1] to $142,040.00. In all other respects we reaffirm our original judgment.
'AMENDED AND AS AMENDED AFFIRMED.

. The original award was $75,000.00, plus $2,086.00 for modification expenses.