LOTTINGER, Judge.
This is a suit for false imprisonment or malicious prosecution brought by plaintiff James McClendon, against defendant, Glen Carrier. After a trial on the merits, judgment was rendered in favor of plaintiff in the amount of $21,865.00 which was later amended to $16,865.00. Defendant appeals from that judgment.
FACTS
The trial court found the following facts:
“Plaintiff and defendant were partners in the operation of M & S Sales. The business was a failure and the parties agreed to terminate its operations in late August or early September of 1980. At a meeting of plaintiff and defendant, plaintiff offered to buy or sell with the purchaser assuming liability for all obligations of the business. Defendant agreed at the meeting to sell to plaintiff. A short sales agreement was drawn up by the bookkeeper. However, a paragraph was thereafter *164 added by defendant that the purchaser would pay $1,500 and plaintiff refused to sign.
“Plaintiff continued to openly operate the auction as a sole proprietorship in the same location that the partnership had previously operated in Amite, Louisiana. This continued from September 1980 through the middle of February 1981. Plaintiff, meanwhile, started a similar business in Franklinton and decided to shut-down his Amite operations. He came to Amite several nights to clean out the building and move the fixtures to his Franklinton operation. Defendant signed a criminal affidavit charging plaintiff with theft of the fixtures, which he filed with the Sheriff of the Parish of Tangipahoa, resulting in plaintiffs arrest and pre-trial imprisonment in the Tangipahoa Parish Jail for a period of 15 days. The extended stay was due to bail having been set at $50,000, which plaintiff was unable to raise.
“Defendant contends that certain property removed by plaintiff belonged solely to defendant. The Court finds that certain fixtures were the separate property of the defendant, while other fixtures were property of the partnership. Some of the items named in the charges were tables owned by the Amite Jaycees, and loaned to defendant.”
Additionally, the District Attorney nolle prossed the charges against McClendon after conferring with him and his lawyer. The trial court went on to find that no probable cause existed for Carrier to file charges against McClendon, and that Carrier “could easily have mitigated the injuries suffered by plaintiff” by dropping the charges, but instead he “checked at the jail to see that plaintiff was still confined there.”
SPECIFICATIONS OF ERROR
The defendant-appellant alleges that the trial court erred in:
1) finding him liable, either for false imprisonment or malicious prosecution, and in confusing the two causes of action;
2) awarding an excessive amount in damages.
ISSUES
Defendant-appellant argues first that the trial court confused the two torts of false imprisonment and malicious prosecution and that neither theory of liability was proved.
Louisiana tort law and the concepts of fault spring from Article 2315 of the Civil Code. As Professor Ferdinand Stone recognized in his Louisiana Civil Law Treatise, Tort Doctrine, § 201, p.p. 265-267, Louisiana courts have not always delineated with clarity the distinction among the different categories of what Stone calls “interference with liberty.”
Stone, however, does make an attempt to loosely define the different categories. False imprisonment or false arrest is the confinement by a private citizen of another unlawfully or by a police officer or citizen of another without a valid warrant. Malicious prosecution is the institution of criminal or civil proceedings by A against B with malice and no probable cause on the part of A; B must have had proceedings terminated in his favor. See Jones v. Soileau, 448 So.2d 1268 (La.1984); Robinson v. Godchaux’s, 307 So.2d 287 (La.1975); Tillman v. Holsum Bakeries, Inc., 244 So.2d 681 (La.App. 4th Cir.1971).
Since plaintiff appellee McClendon was arrested lawfully, a finding of fault here would have to be based on malicious prosecution rather than false arrest or false imprisonment.
Defendant claims that the trial court was erroneous in finding that he had no probable cause to believe McClendon was stealing goods that belonged to him. We find no error in the trial court’s finding because the record shows .that Carrier never tried to redeem the fixtures but rather told McClendon that he could use them. McClendon explained that his moving the fixtures to his new place of business at night was due to that being the only time available to do so. Carrier could have *165 probably resolved this dispute with a phone call; instead he rashly filed an affidavit which resulted in plaintiffs imprisonment. Furthermore, there was no corroboration of Carrier’s claim that someone at the sheriff’s office advised him to file an affidavit alleging theft.
Additionally, even though we agree with defendant-appellant that a nolle prosequi does not raise a presumption of no probable cause due to other possible reasons for the dismissal, the nolle prosequi does further plaintiff’s cause.
Malice may be inferred from the circumstances of a particular case. Robinson v. Godchaux’s, Inc., supra. While the trial court did not call Carrier’s actions “malice,” it did point to facts sufficient to constitute the element. Carrier’s checking for McClendon’s presence once or twice during his stay in prison evinced a malicious intent on Carrier’s part; his refusal to change his story in the affidavit likewise shows malice.
Mindful as we are of the policy considerations present in such a case as this, we do not feel that the goal of encouraging citizens to report crime would be set back by affirming the trial court’s decision.
Damages for mental anguish and embarrassment were reduced from $20,000 to $15,000 by the trial court. Defendant says this is due to the post-trial revelation that plaintiff also was charged with writing a bad check in South Carolina. The record contains telegrams from authorities in South Carolina reflecting that such a charge was outstanding. Apparently the plaintiff spent eight days in jail after the South Carolina charge was dropped, however. The trial court’s reduction of the damages reflects this and is not erroneous. The trial court judgment is affirmed at appellant’s costs.
AFFIRMED.