219 So.2d 6 (1969)
John R. HUGHES
v.
Frank STANDIDGE and Fred Jourdan.
No. 3302.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1969.
Rehearing Denied March 3, 1969.
*7 Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellee.
Alvin J. Liska, City Atty., Beuker F. Amann, First Asst. City Atty., Jackson P. McNeely, Asst. City Atty., for Frank Standidge, defendant-appellant.
Before REGAN, YARRUT and REDMANN, JJ.
YARRUT, Judge.
Plaintiff brought this suit against the Defendants, members of the New Orleans Police Department, to recover damages arising from an alleged false arrest and malicious prosecution. After a trial by Jury, there was judgment in favor of Officer Jourdan, dismissing Plaintiff's suit against him; and in favor of Plaintiff against Lt. Standidge in the sum of $5,000.00, with interest and costs. Lt. Standidge has taken this appeal.
At the outset this Court emphasizes that public law enforcement officers acting with probable cause and without malice are not liable in damages for making an arrest. Barfield v. Marron, 222 La. 210, 62 So.2d 276 (1952). No police officer should ever fear that doing his duty as he in good faith reasonably sees it will subject him to liability. We have reviewed this case with that principle prominently in mind.
Certain facts are not in dispute, to-wit: Plaintiff was a contractor engaged in the moving of a house from 2501 Spain Street to 906 Flood Street, in New Orleans, on the morning of April 24, 1965; that he had a valid permit from the City of New Orleans to move the dwelling between midnight and 6 o'clock a. m. on the aforementioned date; that, at approximately 1 o'clock a. m., the house had been moved to the 900 block of Flood Street, in front of the lot on which it was to be located, and remained on the street for approximately four hours until the crew obtained boards to lay across the gutter so the house could be moved across it; that, at approximately 4:30 o'clock a. m., Plaintiff was arrested by Appellant and taken by Officer Jourdan and his partner to the Police Station where he was booked with violation of Sec. 42-22 of the Code of the City of New OrleansDisturbance by intoxication or otherwise.
Several days later, Officer Jourdan filed an affidavit with the Clerk of the Criminal District Court accusing Plaintiff of violation of LSA-R.S. 14:97, concerning obstruction of a highway of commerce. The District Attorney for the Parish of Orleans, acting on the information contained in the affidavit, filed a bill of information charging Plaintiff with highway obstruction. Eventually the charge of disturbing the peace was dismissed in Municipal Court, and the District Attorney nol-prossed the charge of highway obstruction.
There is a conflict in the testimony regarding the circumstances under which Plaintiff was arrested. Appellant testified Plaintiff was arrested because he became loud and boisterous when questioned about when the house would be moved from the street. On the other hand, Plaintiff testified Appellant demanded the house be moved immediately and that, when he explained that this could not be done because the boards were not in place, Appellant grabbed him by the seat of his pants and dragged him to the patrol car.
The Jury obviously accepted Plaintiff's version of the incident. We find no manifest error in that determination.
There is some confusion concerning the exact amount of time Plaintiff was forced to spend defending himself against the *8 criminal charges. Plaintiff testified he spent about a half-hour at the Police Station while he was being booked and furnishing a $25.00 bond; and an additional twenty minutes at the Criminal District Court signing a bond in connection with the highway obstruction charge.
Plaintiff further testified that he had never appeared in any court in connection with the incident. However, Appellant testified that Plaintiff was in Municipal Court when first charged with disturbing the peace. Because this latter statement seems logical and a review of Plaintiff's testimony suggests that he was only referring to obstructing the highway charge, we conclude Plaintiff appeared in Municipal Court at least once in connection with the peace disturbing charge.
There is no doubt Plaintiff was the victim of a false arrest, and was not engaged in unlawful conduct at the time of his arrest.
There was obviously no substance to either of the charges brought against Plaintiff. However, we find Appellant was not guilty of malicious prosecution. In his petition Plaintiff alleges that Officer Jourdan signed the affidavit charging him with obstruction of a public highway. At the trial, Officer Jourdan testified that he made the complaint of his own volition. Furthermore, it was the District Attorney, not Appellant, who accepted the charge and conducted the prosecution.
Plaintiff seeks the following amounts for the damages he suffered:

"Defamation of character $ 100,000.00
 False arrest 100,000.00
 Malicious prosecution 100,000.00
 Humiliation and embarrassment 100,000.00
 Worry and inconvenience 100,000.00
 Mental anguish 100,000.00
 Malice 100,000.00
Trouble and inconvenience incurred in having
 to bring this suit 300.000.00
 ____________
 TOTAL $1,000,000.00"

As stated before, Appellant cannot be held liable for malicious prosecution but only the damages which were the result of his false arrest. The above includes humiliation and embarrassment, worry and inconvenience, and mental anguish.
In Wilde v. Schwegmann Bros. Giant Supermarkets, Inc., 160 So.2d 839, this Court had occasion to consider quantum in connection with the aforementioned elements of damage. In the cited case, a woman patron was accused of shoplifting. She was forced to accompany a store detective to a windowless room, with no place for her to sit. Her request to call either the Police or her husband was denied and, finally, because she was late in performing an important errand she was harassed into signing a false confession after 30 minutes of interrogation. After her release, she returned home where she became hysterical and had to have medication. Later, she accompanied the Police to the store but the personnel there refused to return her "confession." While the amounts awarded in earlier cases for false arrest (from $100 to $750) are unrealistic today, we reduced the quantum in the cited case from $2,500.00 to $1,500.00.
Although Plaintiff did spend more time in connection with the false arrest, there is no evidence he endured the degree of mental anguish that the woman patron in the cited case suffered. Therefore, we *9 find that an award of $1,500.00 to be adequate in the instant case.
For the above reasons, the judgment appealed from is amended to reduce the award from $5,000.00 to $1,500.00; otherwise, the judgment is affirmed; each party to pay his own costs on appeal.
Amended and, as amended, affirmed.