327 So.2d 180 (1976)
Carroll CONQUES et al., Plaintiffs-Appellants,
v.
Charles FUSELIER, Defendant-Appellee.
No. 5353.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1976.
*181 Landry, Poteet & Landry by Walter J. Landry, Lafayette, for plaintiffs-appellants.
Durrett, Hardin, Hunter, Dameron & Fritchie by Michael Cooper and H. Evans Scobee, Baton Rouge, for defendant-appellee.
Before MILLER, WATSON and CUTRER, JJ.
WATSON, Judge.
Plaintiffs, Sgt. and Mrs. Carroll Conques, individually, and on behalf of their nine-year-old son, Edward Lincoln Conques, filed this suit against defendant, Charles Fuselier, Sheriff of the Parish of St. Martin, claiming damages for false arrest and imprisonment of the minor.
An exception of no right and no cause of action as to the claims of Sgt. and Mrs. Conques, individually, was sustained by the trial court.
After trial on the merits, the trial court dismissed plaintiffs' suit as to the claims asserted on behalf of the minor. From the latter judgment, plaintiffs have appealed. We affirm.
The facts developed at trial were as follows:
A warrant of arrest was issued by the Honorable John M. Hardy, Justice of the Peace of the Ward Four Court of St. Martin Parish, to Sheriff Charles Fuselier on August 29, 1973, commanding the Sheriff to apprehend Edward Conques. Deputy Sheriff Sanford Langlinais, juvenile officer of the St. Martin Parish Sheriff's office, went to the home of Mr. and Mrs. Conques on September 5, 1973. Edward was in school and Mr. and Mrs. Conques were asked to bring their son in when he returned. Edward was brought in by his parents and released in the custody of his father. The minor spent 14 minutes in the radio room of the jail, being booked by one J. C. Bienvenu. Edward was not fingerprinted and no photographs were taken.
Carroll Conques, a sergeant with the Lafayette Police Department, said that his son Edward came home from school on August 24, 1973, with a large lump on his head as the result of a fight. Sergeant Conques filed a complaint about the incident against a nine-year-old named Benoit, and a complaint was subsequently filed by the senior Benoit against young Conques. The District Attorney later contacted Mr. and Mrs. Conques and advised them that no further action was indicated on the complaint against their son.
Edward, a student at Breaux Bridge Elementary School, said he was knocked down at school on August 24, 1973, and received a bump on his head before a teacher stopped the scuffle. Edward said that when he went with his parents to be booked he saw the jail cells and was frightened.
Mrs. Conques said that her son came home from school August 24 with a bump on his forehead and his father filed a complaint with Deputy John Wiltz. Edward rode home on the school bus on September 5 and was taken by his parents to the city hall and jail. All the conversation at the booking was between Mr. and Mrs. Conques and Deputy Langlinais. Edward was not questioned. Mrs. Conques described her son as petrified by the experience. She took him to Dr. Bourque; butazol was prescribed for Edward's nerves and he took the medication for six to twelve months. His grades in school were adversely affected, according to his mother.
Deputy Sanford Langlinais testified that the booking sheet was prepared for the benefit of the Sheriff and the District Attorney and was not publicized in any way.
John M. Hardy, sales representative for Cole Manufacturing Company of New Orleans, testified that he was Justice of the Peace of the Ward Four Court of St. Martin Parish in August, 1973. Hardy executed *182 the document directing the Sheriff to arrest Edward Conques on the basis of an affidavit by Harold Benoit. Previously a complaint had been made by Carroll Conques against Joseph Benoit, Harold's son, as a result of which Joseph Benoit had been arrested.
The trial court concluded on the basis of the above evidence that the incident was not one for which Mr. and Mrs. Conques could recover damages, since Deputy Langlinais acted in good faith on the basis of a warrant.
Article 7, § 48, of the Louisiana Constitution of 1921 provides that Justices of the Peace:
* * * * * *
". . . shall have criminal jurisdiction, as committing magistrates only, and shall have power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace."
LSA-R.S. 13:1569 and 13:1570 enumerate the courts and judges having jurisdiction over juveniles. Justices of the Peace are not included.
LSA-C.Cr.P. art. 931 provides that the term "magistrate" includes a Justice of the Peace, and LSA-C.Cr.P. art. 202 says:
"A warrant of arrest may be issued by any magistrate, . . ."
LSA-C.Cr.P. art. 205 states:
"A warrant of arrest remains in effect until executed."
and LSA-C.Cr.P. art. 206 continues:
"A warrant of arrest shall not be quashed or abated, and a person in custody for an offense shall not be discharged from custody, because of any informality or defect in the warrant, but the warrant may be amended, so as to remedy the informality or defect."
Although Justice of the Peace Hardy improperly issued a warrant for young Conques' arrest without jurisdiction over the minor, the warrant of arrest was valid on its face, and Deputy Langlinais had no choice but to attempt its execution. Deputy Langlinais did not see the boy when he went to his home and can not be charged with knowledge of the minor's age.
LSA-R.S. 13:1577 provides:
"Whenever a child is taken into custody,. . . he shall be released to the care of a parent, . . ."
This is what was done in Edward's case.
LSA-R.S. 13:1586.3 concerns the "Booking of arrested juveniles", who:
". . . shall not be booked at a police station or jail if there is a juvenile detention center in the parish. . . ."
Apparently, there is not a juvenile detention center in St. Martin Parish, but Edward was brought to the jail by his parents rather than a peace officer. Edward was at no time confined or taken from the custody of his parents. After going to the courthouse with his parents, Edward was not separated from them, but remained only a few minutes following which they went home. There was no imprisonment, false or otherwise.
We distinguish the recent Supreme Court case of Clark v. I. H. Rubenstein, Inc., 326 So.2d 497 (La., 1976). In that case, Mrs. Clark was detained by Rubenstein's employees who did not have reasonable grounds to believe that she had stolen goods in her possession. Mrs. Clark had no alternative other than submitting to a search of her packages and was thus unlawfully restrained. Here, Deputy Langlinais was acting on the basis of a warrant of arrest valid on its face. Tillman v. Holsum Bakeries, Inc., 244 So.2d 681 (La.App. 4 Cir. 1971) writ denied, 258 La. 352, *183 246 So.2d 199. A law enforcement officer acting without malice is not liable for damages for doing his duty in good faith. Hughes v. Standidge, 219 So.2d 6 (La.App. 4 Cir. 1969); writ denied 254 La. 4, 222 So.2d 63; writ refused 254 La. 6, 222 So.2d 64; cert. den., 396 U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162. A warrant is complete protection to the constable or other officer acting under it in executing the warrant. Maguire v. Hughes, 13 La.Ann. 281 (1858).
The question of malicious prosecution has reference to Benoit's action in having the warrant issued, rather than to that of the Sheriff's office in executing it. De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933). Justice of the Peace Hardy may have been in error in issuing the warrant of arrest but he is not a defendant, and his error cannot be attributed to the Sheriff. A magistrate is not responsible for a mere error in judgment and a justice of the peace is protected in the honest discharge of his duties. Maguire v. Hughes, supra.
While it may be unfortunate that Edward Conques was subjected to a brief visit to the jail in the company of his parents, it must be remembered that the chain of events causing his visit was set in motion by his father's action in filing a complaint against his nine-year-old schoolmate. Edward's account of the incident at school indicated that he was without fault, but we do not have the benefit of young Benoit's version of the incident.
We find Sheriff Fuselier and his deputies to be entirely without fault in this matter; the Sheriff and his deputies were doing their duty, according to law. There is no evidence whatsoever of any improper or unlawful conduct by the Sheriff or his deputies.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs' cost.
Affirmed.