439 So.2d 558 (1983)
Marcell O'CONNER
v.
HAMMOND POLICE DEPARTMENT, et al.
No. 83 CA 0009.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*559 Milton Osborne, Jr., Baton Rouge, for plaintiff-appellant Marcell O'Conner.
Reginald McIntyre, Hammond, Michael Clegg, Baton Rouge, for defendants-appellees Hammond Police Dept. and Merle Adams.
Grayson Brown, Baton Rouge, for defendant-appellee Bill Gong d/b/a Anthony's Dept. Store.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for damages in tort alleging false imprisonment and malicious prosecution. The trial court rendered judgment *560 from the bench in favor of the defendants and dismissed the plaintiff's suit. This devolutive appeal followed.

FACTS
On October 1, 1979, Billy R. Gong was the manager of Anthony's Department Store located in the City of Hammond, Parish of Tangipahoa, Louisiana. Two males entered Anthony's and Gong unsuccessfully attempted to sell a leather jacket to them. Approximately thirty minutes later, nine leather jackets valued at $1,060.00 were stolen from Anthony's. Gong did not observe the theft, but an employee of the store (the record does not reflect who this employee was) advised Gong that the jackets were taken by the same two persons that Gong had tried to sell the leather jacket to earlier.
The Hammond City Police Department was notified of the theft. Detective Melvin Wells was assigned to investigate the case. At Anthony's, Wells got an automobile license plate number of the car allegedly used in the theft. (The record does not reveal the source of this information.) Wells ran a check on the license number and it came back with a Baton Rouge address. Wells then contacted Lieutenant Gill (no first name given) of the Baton Rouge Police Department and gave him a description of the car and the license number. Gill ran a check on the car and sent four photographs of possible suspects to Wells for identification purposes. Wells showed the photographs to Gong and Gong identified the photograph of the plaintiff, Marcell O'Conner, as one of the persons to whom he attempted to sell the leather jacket prior to the theft.
On October 24, 1979, Wells obtained a warrant for the arrest of O'Conner from the Judge of the City Court of Hammond. On that same day, Wells notified the Baton Rouge City Police of the warrant and O'Conner was arrested in Baton Rouge by Lieutenant Gill. Wells went to Baton Rouge to pick up O'Conner and brought Gong with him. In Baton Rouge, Gong observed O'Conner but could not positively identify him as the person he saw in Anthony's. Wells took O'Conner back to Hammond for booking and possible identification by other people from the store.
O'Conner remained in jail from October 24, 1979, until October 30, 1979. During this time, people from Anthony's came to the police station to view him, but none could identify him. On October 30, 1979, Wells, on his own authority, released O'Conner on his own recognizance. O'Conner then filed this suit against the Hammond City Police Department, Merle Adams, Chief of the Hammond City Police Department, and Billy R. Gong.

FALSE IMPRISONMENT
The tort of false imprisonment has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. Fontenot v. Lavergne, 365 So.2d 1168 (La.App. 3rd Cir.1978). Unlawful detention is restraint without color of legal authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977); Moss v. Maryland Casualty Company, 392 So.2d 772 (La.App. 3rd Cir.1980). Thus, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred. De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933); Cox v. Cashio, 96 So.2d 872 (La.App. 1st Cir.1957). However, if a person is arrested pursuant to statutory authority, there is no liability for damages for false imprisonment. Kyle, 353 So.2d at 971; Gerard v. Parish of Jefferson, 424 So.2d 440 (La.App. 5th Cir.1982), writs denied 430 So.2d 75, 78 (La.1983). The burden is on a plaintiff to prove that the arrest was made without color of legal authority. Cerna v. Rhodes, 341 So.2d 1157 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1067 (La.1977).
In the instant case, O'Conner's arrest was pursuant to a warrant of arrest issued by the Judge of the City Court of Hammond which is apparently valid on its face. O'Conner's detention was under color of this legal authority. O'Conner cannot prevail on his action for false imprisonment. *561 Conques v. Fuselier, 327 So.2d 180 (La.App. 3rd Cir.1976); Cox, 96 So.2d at 875.

MALICIOUS PROSECUTION
The elements of the tort of malicious prosecution are as follows: (1) commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Johnson v. Pearce, 313 So.2d 812, 816 (La.1975); Robinson v. Goudchaux's, 307 So.2d 287, 289 (La.1975).
The trial court ruled that O'Conner failed to prove malice by Gong, Wells, Merle Adams or the Hammond City Police Department. Malice exists where the charge is made with knowledge that it is false or with reckless disregard for whether it is false or not. Bristow v. Messer, 336 So.2d 44 (La.App. 2nd Cir.1976). A citizen is not guilty of malice for inaccurately reporting criminal conduct when there is no intent to mislead. Arellano v. Henley, 357 So.2d 846 (La.App. 4th Cir.1978). If a citizen in good faith makes an identification which is the basis for the arrest of another, and subsequently has doubts about the identification and recants same, no malice has been proven. Roche v. Aetna Casualty & Surety Co., 303 So.2d 888 (La.App. 1st Cir.1974), writ refused 307 So.2d 372 (La. 1975); Tillman v. Holsum Bakeries, Inc., 244 So.2d 681 (La.App. 4th Cir.1971), application denied 258 La. 352, 246 So.2d 199 (1971). A police officer who acts on the good faith identification of a witness has probable cause to act, and he is not guilty of malice even though the witness subsequently recants on the identification. We have carefully reviewed the evidence of record and conclude that the trial judge's factual finding on the issue of malice is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed. The appellant is cast for all costs of this appeal.
AFFIRMED.