CARTER, Judge.
Plaintiff, Robert H. Blanton, III, devolu-tively appeals the rulings of the trial court maintaining exceptions of prescription and no cause of action filed by four of the five defendants.
On June 15, 1973, plaintiff was convicted of murder and sentenced to life imprisonment. He subsequently filed a writ of habeas corpus in federal district court asserting that the prosecutor, Aubert Talbot, failed to fully disclose certain arrangements made with key prosecution witnesses. Based thereon, on June 29, 1980, Federal District Judge Frank Polozola vacated plaintiff’s conviction and ordered the State to retry plaintiff within 120 days or to release him from custody. The State chose not to retry plaintiff and released him from custody on October 2, 1981.
Plaintiff filed suit based on “the intentional deprivation by Defendants of Petitioner’s constitutional rights” on September 30, 1982, naming as defendants the State of Louisiana, the State’s witnesses in the prosecution of Blanton, viz. Cosmo Martello, Celia Harris, Nolin Robert Clayton, and Aubert Talbot, District Attorney for the Twenty-Third Judicial District. *821 Martello, Clayton, Talbot and the State filed exceptions of no cause of action and prescription.[1] All of these exceptions were sustained by the district court.[2]
Plaintiff perfected appeals from all of the judgments sustaining these exceptions: Martello and Clayton rendered April 29, 1983, and signed June 8, 1983; State rendered May 27, 1983, and signed May 31, 1983; and Talbot rendered June 24, 1983, and signed August 4, 1983. On appeal plaintiff has briefed only the issue of prescription. Therefore, in accordance with Uniform Rules-Courts of Appeal, Rule 2-12.4, this court considers all other issues to have been abandoned. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
Plaintiff contends that the trial court erred in sustaining the exceptions of prescription asserting that the prescriptive period for the tort of false imprisonment[3] does not commence to run until the imprisonment ceases. Plaintiff reasons that since he was not released from the State’s custody until October 2, 1981, his suit for false imprisonment was timely instituted on September 30, 1982.
In the case sub judice, the trial court maintained exceptions of prescription and no cause of action as to Talbot, Martel-lo, Clayton and the State. Under LSA-C. C.P. art. 934, either objection is a ground for dismissing plaintiffs suit. Although plaintiff appealed the judgment sustaining both the exceptions of prescription and no cause of action, he concedes in brief that the trial court’s judgments sustaining the exceptions of no cause of action are proper. We agree with appellant that the trial judge was correct in sustaining the exceptions of no cause of action and any arguments remaining as to whether the actions were prescribed are now moot.
On appeal, appellant asserts for the first time that Talbot’s liability insurer is liable for Talbot’s alleged tortious conduct. Appellant concedes in brief that he has no cause of action against the parties named as defendants in the suit at the time that judgments were rendered therein and admits that the question of prescription would be moot, except that subsequent to the appeal he amended his petition to name as an additional defendant the liability insurer of Aubert Talbot, District Attorney of the Twenty-Third Judicial District. Appellant reasons that since privilege and immunity are personal defenses, Talbot’s insurer is precluded from asserting such grounds to defeat the suit for false imprisonment. Appellant further reasons that because a cause of action exists as to Talbot’s liability insurer and because such action was filed within one year of the date of his release from custody, he should be given an opportunity to recover damages from the insurer. In essence, appellant is contending that even though there is no cause of action against Talbot, prescription has not run on his claim against Talbot’s insurer. However, the record is devoid of any pleading (filed before or after rendition of judgment of the trial court) asserting a claim for damages against the insurer in the instant proceeding. Therefore, the issue of the liability of Talbot’s liability insurer to Blanton is not before the Court. See Edwins v. Lilly, 422 So.2d 1217 (La.App. 1st Cir.1982), writs denied, 426 So.2d 178, 180 (La.1983).
For the above and foregoing reasons, the judgments of the trial court dismissing Martello, Clayton, Talbot and the State as *822 parties defendants are affirmed at appellant’s costs.
AFFIRMED.

. Talbot also filed an exception of failure to comply with LSA-C.C.P. art. 860. Harris did not appeal or file any pleadings. The actual exceptions filed by the State are not in the record before us.

. Oral reasons for judgment were transcribed for the Martello, Clayton and State exceptions, but were not for the Talbot exceptions.

. We note that this is not false imprisonment because Blanton was confined by an apparently legal court order. See O’Connor v. Hammond Police Department, 439 So.2d 558 (La.App. 1st Cir.1983).