512 So.2d 520 (1987)
Jerry L. TOUCHTON, Plaintiff-Appellant,
v.
KROGER COMPANY, et al., Defendants-Appellees.
No. 86-618.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*522 Vincent Hazleton and Vivian Whittle, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, Dewitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
DOMENGEAUX, Judge.
Plaintiff, Jerry L. Touchton, brought this suit to recover damages arising out of his allegedly unlawful arrest and subsequent prosecution. The defendants before the court on appeal are Police Officer Bobbie Trammell, Lieutenant Russell Murdock, Chief of Police for the City of Pineville Eldon Sayes, Assistant Chief of Police F.A. Stalter, the City of Pineville, and Atlanta International Insurance Company, the City of Pineville's liability insurer. Plaintiff appeals the district court's judgment sustaining the defendants' peremptory exception of no cause of action, and dismissing plaintiff's suit against these defendants.
After a review of plaintiff's petition and the applicable law, we conclude that the petition fails to state a cause of action against these defendants. Therefore, we affirm the judgment of the district court.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977).
The plaintiff's petition sets forth the following allegations of fact: On January 30th or 31st, 1984, plaintiff's checkbook for his personal checking account with Guaranty Bank and Trust Company in Alexandria, Louisiana, was stolen from his car; On January 31, 1984, two of the stolen checks were forged and made payable to "Kroger," each check in the amount of $30.00; the checks were negotiated to the Kroger Company store located in Pineville, Louisiana; since plaintiff had notified Guaranty Bank that the checks had been stolen, the bank refused payment after Kroger deposited the checks; Guaranty Bank returned the checks to Kroger, with the notation "SIGNATURE NOT LIKE THAT ON FILE" printed by hand on the checks; Guaranty Bank also informed Kroger of its reason for denying payment in two letters it sent to the Pineville store; after its failure to collect the amount of the checks from plaintiff, the manager of the Pineville Kroger store, Robert Borders, executed an affidavit before Lynda M. Lymberis, Clerk of the Pineville City Court, stating that plaintiff had issued a worthless check to Kroger drawn on the Guaranty Bank in the amount of $30.00 for merchandise received at the time the check was issued and attached the check numbered 1402 to the affidavit; Ms. Lymberis typed out a warrant for plaintiff's arrest for issuing a worthless check in violation of La.R.S. 14:71 and presented the warrant, Robert *523 Borders' affidavit and the forged check to Judge F. Jean Pharis of the Pineville City Court, who signed the warrant for plaintiff's arrest; the Clerk of the Pineville City Court then delivered the warrant, affidavit, and check to F.A. Stalter, Assistant Chief of Police, who delivered the documents to Police Officer Bobbie Trammell with instructions to have plaintiff arrested; neither officer examined the check attached to the affidavit or investigated the charges alleged; on March 19, 1984 Officer Trammell called the principal's office at Peabody Magnet School in Alexandria, Louisiana, where plaintiff was employed as a computer science teacher; Officer Trammell left a message for plaintiff to call her; after plaintiff failed to immediately return the call, Officer Trammell called the principal's office again, telling the office employee to deliver a message to plaintiff stating that she was a Pineville police officer and that if he did not return her call she would get the Alexandria police department to arrest him; when plaintiff returned Officer Trammell's call she informed him that she had a warrant for his arrest; plaintiff then reported to the Pineville Police Station where Lt. Russell Murdock placed him under arrest and gave him a summons to appear in court on April 11, 1984; plaintiff told the arresting officers that the check had been forged; on March 20,1984, plaintiff's attorney met with Assistant Chief of Police F.A. Stalter informing him of the theft of the checks and the subsequent forgery; William J. Bryant, Vice-President of Guaranty Bank wrote a letter to Mr. Stalter on March 21, 1984, verifying that the checks were stolen and that the $30.00 check was returned because the signature was not like that on file; on April 2,1984, plaintiff's attorney filed a motion to quash the charge, setting forth the above alleged facts, and delivered the motion to Assistant Chief Stalter with copies of the documents going to Henry H. Lemoine, Jr., prosecuting attorney for the City of Pineville; plaintiff appeared in Pineville City Court for arraignment and entered a plea of not guilty; plaintiff was brought to trial on the charges on May 9, 1984, after which Judge Pharis granted the motion to quash and dismissed the charges against him.
Given these allegations of fact, we must decide whether the trial court properly granted the exception of no cause of action as to each defendant.
With respect to the police officers, the causes of action alleged to be asserted here are for malicious prosecution, false arrest, and deprivation of constitutional rights under color of legal authority (42 U.S.C. § 1983). With respect to the City of Pineville, plaintiff alleges that it is vicariously liable for the police officers' conduct as well as for its own negligence in failing to employ qualified officers and to properly train them. Plaintiff also alleges that Atlanta International Insurance Company is liable for the damage complained of here based on a policy of liability insurance issued to the City.

MALICIOUS PROSECUTION
A civil cause of action for malicious prosecution is recognized by our jurisprudence and is based on fault under La.C.C. Article 2315. Jones v. Soileau, 448 So.2d 1268 (La.1984). The elements of the cause of action were stated in Jones, supra, citing Eusant v. Unity Industrial Life Insurance, 195 La. 347, 196 So. 554 (1940); and Hibernia National Bank v. Bolleter, 390 So.2d 842 (La.1980), as follows:
"(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiffs;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiffs."
The Supreme Court indicated that application of this test should be made in light of the general principles espoused under Civil Code Article 2315.
After examining the facts alleged, in light of the tests set out in Jones, we *524 conclude that the plaintiff has failed to state a cause of action for malicious prosecution against the police officers.
The facts as alleged show that Assistant Chief of Police F.A. Stalter received the warrant signed by Pineville City Court Judge F. Jean Pharis, along with the supporting affidavit and the forged check. He gave the documents to Officer Trammell with instructions to have plaintiff arrested or called to ask him to come to the Pineville Police Station. Officer Trammell called plaintiff at his place of employment to inform him of the warrant for his arrest. Plaintiff subsequently went to the police station where he was arrested by Lt. Russell Murdock and given a summons to appear in court on April 11, 1984.
We conclude that these facts are not sufficient to satisfy the second element of the Jones test; that being that the present defendants be the legal cause of the original judicial proceeding against the plaintiff.
The four police officer defendants in this case were in no way responsible for the issuance of the warrant for plaintiff's arrest. They did not initiate the complaints against plaintiff nor did they support issuance of the warrant through affidavits. The officers were involved in this case only after an initial complaint was made and a warrant for plaintiff's arrest was issued by the Pineville City Court. We conclude that these allegations of fact cannot support a finding that the police officer defendants were a legal cause of commencement of the original proceeding against plaintiff.
Nor was the conduct of the officers after the arrest a legal cause of the continuation of the proceeding against plaintiff. Plaintiff alleges that Assistant Chief Stalter was subsequently informed that the charges were groundless since the check upon which the charges were based was forged, but that, nonetheless, the charges were not dismissed. This allegation is not sufficient to state the element of the cause of action that the defendant legally caused the continuation of the proceeding against plaintiff. Once prosecution was initiated against plaintiff by affidavit, the police officers had no control over the dismissal of the charges against plaintiff. At that stage in the proceeding, only the prosecuting attorney had discretion to dismiss the charges. See City of Lake Charles v. Anderson, 248 La. 787,182 So.2d 70 (1966). Therefore, the police officers could not have been a legal cause of the continuation of the prosecution under the allegations of fact made in plaintiff's petition.
Since plaintiff has failed to allege facts supporting an essential element of an action for malicious prosecution, he has failed to state a cause of action for malicious prosecution.
Also, since plaintiff has not stated a cause of action for malicious prosecution against the defendant police officers, he has failed to state a cause of action against the City based on its liability for the conduct of its employees. The plaintiff, therefore, has also failed to state a cause of action against Atlanta International Insurance Company, based on its responsibility for the City's liability under a policy of liability insurance.

FALSE ARREST
The tort of false arrest, or false imprisonment, has two essential elements: (1) Detention of a person; and (2) The unlawfulness of such detention. O'Conner v. Hammond Police Dept., 439 So.2d 558 (La.App. 1st Cir.1983). The detention is unlawful if it is made without color of legal authority. O'Connor v. Hammond Police Dept., supra. Thus, if an arrest is made pursuant to a warrant which is null and void on its face, a false arrest has occurred. O'Connor v. Hammond Police Dept., supra; Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 316 (La.1984). The burden is on plaintiff to prove that the arrest was made without color of legal authority. O'Connor v. Hammond Police Dept., supra.
In this case, plaintiff alleges that the warrant issued by the City Court was not supported by probable cause and was therefore void. He further alleges that because the forged check was attached to *525 the warrant when delivered to the police, the warrant was null and void on its face. Plaintiff asserts that this is so because written in plain view on the check was the notice "SIGNATURE NOT LIKE THAT ON FILE." He argues that this should have put the arresting officers on notice that the check had been forged and that he had not issued it.
Assuming, arguendo, that the Judge did not have probable cause to issue the warrant, we nevertheless conclude that plaintiff has failed to state a cause of action for false arrest, finding that the warrant upon which the arrest was based was not null and void on its face.
The statutorily prescribed form and contents of an arrest warrant are provided for in La.C.Cr.P. art. 203, which states:
"The warrant of arrest shall:
(1) Be in writing and be in the name of the State of Louisiana;
(2) State the date when issued and the municipality or parish where issued;
(3) State the name of the person to be arrested, or, if his name is unknown, designate the person by any name or description by which he can be identified with reasonable certainty;
(4) State the offense charged against the person to be arrested;
(5) Command that the person against whom the complaint was made be arrested and booked; and
(6) Be signed by the magistrate with the title of his office.
The warrant of arrest may specify the amount of bail in noncapital cases when the magistrate has authority to fix bail."
In concluding that the warrant in this case was not null and void on its face, we note that plaintiff did not allege that the warrant lacked any of these statutory requirements. Therefore, when the arresting officers inspected the warrant pursuant to their duties, nothing in the warrant itself indicated that it was null. We are not prepared to require an arresting officer who receives an arrest warrant accompanied by additional documentary evidence to make his own independent probable cause determination based on the accompanying documents prior to executing the warrant. Such a requirement would unduly and unnecessarily burden police operations without significantly increasing the protection afforded individuals subject to arrest.
We, therefore, conclude that the arrest of plaintiff took place pursuant to a facially valid arrest warrant.
Plaintiff also argues that defendants' exception of no cause of action was improperly granted for the reason that defendants' have asserted the affirmative defense of a police officer's immunity from liability. He argues that this immunity cannot defeat an exception of no cause of action, but can only be pleaded as a defense in the answer. We do not agree. The cases clearly state that the elements of a cause of action for false arrest against a police officer include the detention of the plaintiff and the unlawfulness of that detention. The unlawfulness of the detention can be established by showing that the warrant upon which an arrest is based was null and void on its face. O'Connor v. Hammond Police Dept., supra. Where a plaintiff alleges that police officers are liable for a false arrest made pursuant to a warrant, the plaintiff must allege facts which show that the warrant was null and void on its face. This is an element of the plaintiff's cause of action. Therefore, where the plaintiff fails to allege facts from which it can be concluded that the warrant was null and void on its face, the exception of no cause of action is properly granted.
Since we have concluded in this case that plaintiff's allegations of fact did not establish that he was arrested pursuant to a warrant null and void on its face, we also conclude that the trial court properly found that he failed to state a cause of action for false arrest against the defendant police officers.
Since the plaintiff has failed to state a cause of action against the defendant police officers for false arrest, plaintiff has also failed to state a cause of action against the City based on its liability for the alleged false arrest made by its employees. *526 Similarly, plaintiff has also failed to state a cause of action against Atlanta International Insurance Company.

42 U.S.C. § 1983
Plaintiff has also alleged that the conduct of the defendant police officers violated his rights protected by the United States Constitution and that, as a result, he is entitled to recover monetary damages from them. A civil remedy for violation of a person's constitutional rights is provided for under 42 U.S.C. § 1983, which imposes liability only upon one
"who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws ..."
In Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the United States Supreme Court stated the following with regard to an action brought under § 1983: "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right `secured by the constitution and laws'." With respect to the liability of a particular defendant, the Supreme Court, quoting the Court of Appeal's decision, stated that "a public official is liable under § 1983 only `if he causes the plaintiff to be subjected to deprivation of his constitutional rights.' 575 F.2d, at 512 (Emphasis in original)." 99 S.Ct., at 2693. Given this recognition, then, for a plaintiff to state a cause of action under § 1983, he must allege facts which, when taken as true, state that the defendant caused plaintiff to be subjected to a deprivation of his constitutional rights. We conclude that plaintiff has failed to satisfy this threshold requirement and has, therefore, failed to state a cause of action under 42 U.S.C. § 1983.
As has already been stated, the plaintiff alleges that the defendant police officers became involved in plaintiff's case after the Pineville City Court issued a warrant for his arrest. There are no allegations that the officers were involved in a pre-warrant investigation, or that they made affidavits in support of the warrant. The allegations made in plaintiff's petition are that the officers arrested plaintiff pursuant to a warrant issued by the City Court and that attached to the warrant was a check from which the officers should have been able to tell that there was not probable cause to arrest plaintiff. Given these allegations of fact, we cannot conclude that these officers were a legal cause of any deprivation of constitutional rights which the plaintiff may have suffered. These officers did not institute the prosecution of plaintiff. Nor were these officers involved in any issuing of the warrant requiring plaintiff's arrest. The officers were performing the duties required of them by their employment.
Plaintiff urges here that under the United States Supreme Court case of Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), he has stated a cause of action based on § 1983, asserting that because the forged check was attached to the warrant, the officers were not acting objectively reasonable in arresting him. We disagree.
In Briggs, the Supreme Court examined the degree of immunity to be accorded a defendant police officer in a § 1983 action when it was alleged that the officer caused the plaintiffs to be unconsitutionally arrested by presenting to a judge a complaint and supporting affidavit which failed to establish probable cause to arrest the plaintiffs. 106 S.Ct., at 1094. The Court concluded that such officers are only qualifiedly immune, stating that the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutinal arrest is defined by the same standard of objective reasonableness applied in the context of a suppession hearing under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). 106 S.Ct. at 1098.
It is clear, however, that the Court in Briggs continued to recognize the necessity of showing that the defendant was a legal *527 cause of a plaintiff's unconstitutional arrest. In Briggs, the defendant police officer had been significantly involved in a pre-warrant investigation of the plaintiffs and it was as a result of the defendant's felony complaint and supporting affidavit that a state court judge issued warrants for their arrest. It is apparent, then, that, due to the defendant's significant involvement in obtaining a warrant for the plaintiffs' arrest, he was a legal cause of their unconstitutional arrest.
We cannot conclude that the defendant police officers in this case were sufficiently involved in the decision making process leading to the plaintiff's arrest so as to warrant a finding that they were a legal cause of his arrest. The allegation that with the check attached to the warrant, the officers should have been put on notice that the warrant was not valid does not alter our conclusion. The officers did not have the discretion to refuse to execute the warrant and could, therefore, not have caused his arrest pursuant to a facially valid warrant.
Since we conclude that plaintiff has failed to allege facts in his petition from which we can conclude that the defendant police officers herein were a legal cause of plaintiff's allegedly unconstitutional arrest, we conclude that the case of Malley v. Briggs, supra, is not apposite. We also conclude, for this same reason, that plaintiff has failed to state a cause of action against the police officers under 42 U.S.C. § 1983.
In order to state a cause of action against a municipality under § 1983, a plaintiff must allege facts which state that the municipality caused the deprivation of the plaintiff's constitutional rights as a result of municipal policy, custom or direction. Bennett v. City of Slidell, 728 F.2d 762 (1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). A City may not be held liable under § 1983 on the basis of respondeat superior. Bennett v. City of Slidell, supra. The allegations in plaintiff's petition do not state that his arrest was a result of official policy or custom, but rather, was the result of the decisions of individual employees of the City. We, therefore, find that plaintiff has not stated a cause of action against the City of Pineville under 42 U.S.C. § 1983. Since plaintiff has failed to state a cause of action against the City of Pineville under § 1983, he has also failed to state a cause of action against its liability insurer, Atlanta International Insurance Company.
Plaintiff has also alleged that the City of Pineville is liable for his damages due to its negligence in hiring these officers and for its failure to adequately train them. However, we cannot conclude from any of plaintiff's allegations of fact that these officers were not suitable for the jobs they were hired to perform, or that they were inadequately trained. Therefore, we cannot find that plaintiff has stated a cause of action against the City based on this theory.
Since we have concluded, for the reasons stated above, that plaintiff has failed to state a cause of action against the defendants before this Court under any applicable theory, we find that the trial court correctly granted each defendant's exception of no cause of action. Accordingly, we affirm the judgment of the district court and assess all costs on appeal against the plaintiff.
AFFIRMED.