BARRY, Judge.
This appeal involves a credibility call on an intersectional accident and whether a police officer is personally liable for damages which occur during his employment.
FACTS
On May 21, 1987 Thelma Oliver was a passenger in a car proceeding on Erato St. approaching So. Broad. The car was driven by Betty DeLarge. The majority of DeLarge’s vehicle was crossing the downtown-bound lanes of So. Broad when her vehicle was struck on the front left side by a white vehicle driven by Police Officer Roy Wood. Wood’s vehicle was turning from Erato St. into the downtown-bound lanes of So. Broad.
Oliver sued DeLarge and her insurer, GEICO; Wood and his employer, the City of New Orleans. Various third party demands and cross claims were made. All demands involving DeLarge and GEICO were dismissed by a joint motion. Judgment was rendered in favor of Oliver and against Wood and the City “jointly, severally and in solido”.
The trial court found Wood was the “sole and proximate cause of the accident, injuries and damage.”
Defendants argue the trial court erred by finding that Wood was the sole cause of *561 the accident. Wood also argues he cannot be personally liable. It was stipulated that Wood was within the course and scope of his employment.
TESTIMONY
DeLarge testified she stopped on Erato St. (½ block uptown of the Broad Street overpass) at the So. Broad stop sign for approximately two to three minutes. When the lanes coming from uptown were clear she proceeded into So. Broad. She saw Wood’s car rapidly going down the overpass (coming from downtown) and Oliver told DeLarge “Watch it, Betty.” Wood attempted to make a U-turn and hit De-Large’s car.
DeLarge said Wood did not slow down or stop prior to impact. She stated there was a “No Left Turn” sign on So. Broad at Erato proceeding from downtown and that there were no sirens or lights on Wood’s vehicle.
Oliver corroborated DeLarge’s testimony except that she did not see Wood until he made the left turn from So. Broad onto Erato St. She said Wood slowed down but did not stop when he made the turn.
Wood testified that he investigated a complaint at Mossy Oldsmobile shortly before the accident. However, he could not find any record of that complaint. He exited Mossy’s premises on Erato St. toward So. Broad headed away from the Lake. He stopped at So. Broad and checked for traffic in the uptown-bound lanes of So. Broad. He proceeded across to the median, stopped, and checked for traffic in the downtown-bound lanes. He turned onto So. Broad and struck DeLarge’s vehicle. He stated he saw her vehicle when he crossed into the So. Broad neutral ground area but that her vehicle was ten to fifteen feet short of the stop sign at So. Broad. He said her vehicle seemed to move into the intersection very quickly, though he could not say she ignored the stop sign. He denied being on the Broad St. overpass.
WOOD’S NEGLIGENCE
The testimony of DeLarge and Oliver indicates Wood was speeding and attempted an illegal left/U-turn. The trial court accepted DeLarge and Oliver’s version of the facts and explicitly stated that DeLarge was free of fault.
A court of appeal may not set aside the trier of fact’s finding unless it is manifestly erroneous or clearly wrong. When testimony conflicts, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We find no manifest error in the trial court’s conclusions.
We note La.R.S. 32:24 allows a police officer to exceed speed limits and disregard certain regulations except that it:
[Sjhall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.
These facts do not warrant the application of the statute.
WOOD’S PERSONAL LIABILITY
Wood incorrectly argues that judgment should have been taken solely against the City. The master and servant doctrine of La.C.C. Art. 2320 does not relieve the servant of liability for his own negligence, rather it merely expands on who might be liable.
The four cases cited by Wood are factually inapplicable. One of the cases, Hughes v. Standidge, 219 So.2d 6 (La.App. 4th Cir.1969), writ denied 254 La. 4, 222 So.2d 63 (1969), cert. denied 396 U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162, (1969) affirms the personal liability of a police officer.
We note the dollar award in the judgment is “Nine Thousand Eight Hundred and 67/100 ($9,867.00) Dollars.” Since the transcript reflects that the damages are $9,867.00, it is obvious the written figure should be “Nine Thousand Eight Hundred *562 Sixty-Seven and 00/100 Dollars”. We amend the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Thelma Sensley, widow of Sidney Oliver, and against the defendants, Roy J. Wood, Jr. and the City of New Orleans, jointly, severally and in solido, in the full sum of NINE THOUSAND EIGHT HUNDRED SIXTY-SEVEN AND 00/100 ($9,867.00) DOLLARS, together with legal interest thereon from date of judicial demand and all costs of these proceedings.
The judgment is amended and, as amended, affirmed.
AMENDED; AS AMENDED, AFFIRMED.