Dear Mr. Picard:
Our office has received your opinion request of July 24, 2003 containing the following questions:
1) Does a clerk of court/administrator, who is not a magistrate, have the authority to issue and sign a warrant of arrest?
2) Does a judge have the authority to authorize a clerk of court/administrator to sign a warrant of arrest?
3) Can the marshal to whom this warrant is directed be held civilly liable for executing such warrant of arrest, when he knows that the person signing the warrant is not a judge?
4) Can the marshal refuse to execute such a warrant of arrest?
LSA-C.Cr.P. Art. 203(6) states:
Art. 203. Form and contents of warrant
The warrant of arrest shall:
(6) Be signed by the magistrate with the title of his office.
LSA-R.S. 13:1885 states as follows:
§ 1885. General powers and duties of clerk
A. The clerk shall keep the minute entries of the court and a docket of all proceedings had in civil and criminal matters. Notwithstanding any other provision of law to the contrary, such minute entries may be contained in the official court record of proceedings. An electronic record of the minutes which is not capable of alteration without indication that a change has been made may be maintained in lieu of a written entry.
B. He may sign, under the seal of the court, all writs and processes in civil and criminal cases, including citations and subpoenas.
C. He may make and take affidavits for issuance of arrest warrants in criminal matters and for issuance of peace bonds and for all other purposes connected with the functions of the court.
D. He shall have the power to sign all orders that the judge himself may sign in both civil and criminal cases, whether the judge be present or absent from the jurisdiction of the court, but shall not perform any judicial functions beyond that herein conferred.
E. He may certify to all official documents of the court and administer oaths, and his acts as clerk as well as the certificates issued by him shall be given the same effect as those of clerks of district courts.
F. Upon the written request of the judgment creditor, he shall record all money judgments obtained in city court in the mortgage records of the parish and charge a reasonable fee for such recordation.
La. Atty. Gen. Op. No. 89-261 says that LSA-R.S. 13:1885 authorizes the clerk of a city court to sign the city judge's name to court orders in civil and criminal cases where the judge has given express authority for the clerk to do so. It goes on to say that in cases such as this, the clerk should clearly write his or her own name beneath that of the judge to identify the clerk as the writer of the signature.
Therefore, it is permissible for a judge to authorize a clerk to sign court orders, however, there is no statutory authority for a clerk to sign and issue such court orders in the absence of express authorization by the judge to sign that order. There is no authority that would allow a judge to give a clerk blanket authorization to sign court orders.
O'Conner v. Hammond Police Dept., 439 So.2d 558, La.App. 1 Cir., 1983 held that where an arrest was pursuant to a warrant issued by a judge of city court which was apparently valid on its face, detention was under color of legal authority and arrestee could not prevail on claim of false imprisonment against police department, chief of police, and complainant.
While it is beyond the scope of the authority of this office to predict liability for potential or pending litigation, when a warrant is valid on its face, an officer should execute the warrant and should not be held liable for doing so.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ BURTON GUIDRY ASSISTANT ATTORNEY GENERAL
BG/ks/jy
Date released: August 28, 2003
OPINION NUMBER 89-261
September 29, 1989
15 Courts
LSA-R.S. 13:1885
Statute authorizes clerk of city court to sign certain orders at specific direction of judge; however, clerk should clearly write own name beneath that of judge to identify clerk as writer of signature.
Ms. Virginia Hester Clerk Shreveport City Court P.O. Box 37066 Shreveport, LA 71133-7066
Dear Ms. Hester:
You have requested an opinion as to whether LSA — R.S. 13:1885
authorizes the clerk of a city court to sign the city judge's name to court orders in civil and criminal cases. In our opinion it does, where has given express authority for the clerk to do so.
You have asked about two methods. In the first the clerk would simply sign the judge's name; in the second, a rubber stamp would be used. Either method is permissable, as long as the judge has expressly authorized the clerk to enter his signature, and as long as the agency of the signature is clearly disclosed. Written under the judge's name, using either method, should be clearly and legibly written, "by Virginia Hester, Clerk of Court". R.S. 13:1885 authorizes the practice, so there is no reason with either the stamp or the signature to camouflage that another authorized person is affixing the judge's signature to the order in his stead.
Trusting this to be of sufficient information, I am
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Charles J. Yeager Assistant Attorney General
La. Atty. Gen. Op. No. 89-261 1989 WL 454375 (La.A.G.)