# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-835


**GEORGE MORGAN**

**VERSUS**

**LOUISIANA STATE TROOPER CHAD RICHARD #2564, ET AL.**


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 77609-B
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

Jeannie C. Prudhomme
Daniel Charles Palmintier
556 Jefferson Street, 4th Floor
Lafayette, LA 70501
(337) 262-1700
COUNSEL FOR DEFENDANTS/APPELLEES:
    John Doe, Unknown Officer
    Chad Richard, Louisiana State Trooper
    Louisiana Department of Public Safety & Corrections, State of
Louisiana

William David Coffey
Assistant Attorney General
Louisiana Department of Justice
1450 Poydras Street, Suite 900
New Orleans, LA 70130
(504) 599-1200
COUNSEL FOR DEFENDANTS/APPELLEES:
    John Doe, Unknown Officer
    Chad Richard, Louisiana State Trooper
    Louisiana Department of Public Safety & Corrections, State of
Louisiana

George Morgan
In Proper Person
P. O. Box 396
Melville, LA 71353
(337) 623-3116

**EZELL, Judge.**

George Morgan filed this pro se appeal after the trial court dismissed his claims for false arrest and use of excessive force. The trial court granted summary judgment in favor of the Defendants, Louisiana State Trooper Chad Richard, John Doe, and the Louisiana Department of Public Safety and Corrections (DPSC).

**FACTS**

On May 24, 2017, an arrest warrant for Mr. Morgan was issued by Judge Gary Ortego for second degree battery. Pursuant to the warrant, Trooper Richard arrested Mr. Morgan on July 6, 2017. In his affidavit, Trooper Richard stated that he placed Mr. Morgan in handcuffs in the convenience store of the Y-Not Stop gas station. Trooper Richard checked the handcuffs for tightness, double locked the handcuffs, and escorted Mr. Morgan outside the gas station to the state police unit. Mr. Morgan was then checked for weapons and placed in the rear seat of the unit. Trooper Richard transported Mr. Morgan to the Evangeline Parish Jail without incident. Trooper Richard attested that Mr. Morgan did not complain of any injuries, and Trooper Richard did not observe any injuries.

On May 31, 2018, Mr. Morgan filed a pro se suit against Trooper Richard, an unnamed officer, and the DPSC alleging he suffered damages because Trooper Richard falsely arrested him and used excessive force during the arrest. Mr. Morgan also alleged that the DPSC was negligent in its training of Trooper Richard.

The Defendants filed a motion for summary judgment on March 25, 2019. A hearing was held on June 27, 2019. After the hearing, the trial court decided to leave the record open for thirty days to allow Mr. Morgan additional time to review

recently-discovered audio tapes from dash-cam footage and for Mr. Morgan to provide the Defendants with any medical bills or additional video he may have.

A hearing was held on September 9, 2019. The trial court stated that it had reviewed the four videos from the convenience store. After noting that a valid arrest warrant for second degree battery was issued in May 2017, the trial court ruled that Mr. Morgan did not have a claim for false arrest and imprisonment. The trial court further ruled that there was no use of excessive force and no evidence of any injuries. The trial court also ruled that there was no evidence of lack of training by the DPSC.

The trial court signed a judgment granting summary judgment on September 9, 2019. All claims by Mr. Morgan against the Defendants were dismissed with prejudice. Mr. Morgan then filed the present appeal.

## SUMMARY JUDGMENT

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate

success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.* at 765–66.

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

## False Arrest or False Imprisonment

The Civil Rights Act of 1871, 42 U.S.C. § 1983, allows a civil action for claims of unconstitutional treatment at the hands of state officials. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). An arrest pursuant to a valid warrant conforming to constitutional requirements does not amount to a deprivation of liberty without due process of law. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689 (1979).

The tort of false arrest, or false imprisonment, has two essential elements: (1) Detention of a person; and (2) The unlawfulness of such detention. *O'Conner v. Hammond Police Dept.*, 439 So.2d 558 (La.App. 1st Cir.1983). The detention is unlawful if it is made without color of legal authority. *O'Connor v. Hammond Police Dept.*, supra. Thus, if an arrest is made pursuant to a warrant which is null and void on its face, a false arrest has occurred. *O'Connor v. Hammond Police Dept.*, supra; *Stark v. Eunice Superette, Inc.*, 457 So.2d 291 (La.App. 3rd Cir.1984), *writ denied*, 461 So.2d 316 (La.1984). The burden is on plaintiff to prove that the arrest was made without color of legal authority. *O'Connor v. Hammond Police Dept.*, supra.

*Touchton v. Kroger Co.*, 512 So.2d 520, 524 (La.App. 3 Cir. 1987).

This court has held that an arrest pursuant to a facially lawful arrest warrant cannot support a claim for false arrest. *Winn v. City of Alexandria*, 96-492 (La.App. 3 Cir. 11/20/96), 685 So.2d 281.

In the present case, the officers executed the arrest of Mr. Morgan pursuant to a lawful arrest warrant, which was introduced as part of the Defendants' motion for summary judgment. There is no evidence to the contrary. We agree with the trial court that Mr. Morgan does not have an action for false arrest, and summary judgment was appropriate dismissing Mr. Morgan's claim for false arrest.

## Excessive Force

Mr. Morgan claims that the officers used excessive force and "manhandled" him in executing the arrest warrant. For the following reasons, we disagree.

The court in *Penn v. St. Tammany Parish Sheriff's Office*, 02-893, p. 4 (La.App. 1 Cir. 4/2/03), 843 So.2d 1157, 1159-60, discussed the burden of establishing an excessive force claim based on Section 1983, which is analyzed pursuant to Fourth Amendment standards:

> The relationship of the amount of force used to the need presented, the extent of injury, and the motives of the officer determines whether the Parish exceeded the constitutional limits such that there was also an actionable physical abuse under 42 U.S.C. § 1983. *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 512 (La.App. 1st Cir.1985) (quoting *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981)). If the officer's actions were grossly disproportionate to the need for action under the circumstances, rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under [S]ection 1983. *Id*. The plaintiff is thus required to show a significant injury that resulted from the use of objectively unreasonable force that was clearly excessive of the need. *Reese v. Anderson*, 926 F.2d 494, 500 (5th Cir.1991).

In support of their motion for summary judgment, the Defendants offered the affidavit of Trooper Richard. Trooper Richard attested to the following facts regarding the arrest of Mr. Morgan:

4. He used minimal to no force to arrest Morgan on July 7, 2016, because Morgan was nonaggressive, cooperative, and compliant. Morgan did not resist arrest.

5. In carrying out the arrest, he simply placed Morgan in handcuffs in the Y-Not Stop gas station, checked the handcuffs for tightness, doubled locked the handcuffs, and escorted Morgan outside of the gas station to his state police unit. While at the state police unit, he checked Morgan for weapons then placed him in the rear seat of his state police unit. He then transported Morgan to the Evangeline Parish Jail without incident.

6. Morgan did not complain of any injuries due to his July 6, 2017 arrest to him.

7. He did not observe any injuries to Morgan during the July 6, 2017 arrest.

Video of the arrest was also submitted by the Defendants in support of their motion for summary judgment. We have reviewed the videos, which clearly show that no force was necessary when arresting Mr. Morgan.

Our de novo review of the record supports the trial court's grant of summary judgment in favor of the Defendants concerning excessive force. The Defendants have established that there is no evidence whatsoever that excessive force was used. Mr. Morgan has not submitted any evidence that excessive force was used or that he suffered any injury as the result of force used during the arrest. He cannot simply rely on his own allegations. La.Code Civ.P. art. 967(B).

**Negligent Training and Supervision**

Mr. Morgan's final claim was that the DPSC failed to properly train and supervise Trooper Richard because he falsely arrested him and used excessive force.

"An employer's liability for the negligent hiring, training and supervision of its employees . . . is based upon the independent or direct negligence of the employer and its duty to exercise reasonable care in hiring, training and supervising its employees pursuant to La. C.C. art. 2315." *Pelitire v. Rinker*, 18-501, p. 22 (La.App. 5 Cir. 4/17/19), 270 So.3d 817, 834, *writ denied*, 19-793 (La. 9/17/19), 279 So.3d 378 (citing *Roberts v. Benoit*, 605 So.2d 1032, 1037 (La. 1991)). However, the ability to recover on a claim for negligent training and supervision is contingent upon a successful claim against the officer for false arrest and use of excessive force. *Id.*

Since we find that summary judgment was appropriate as to the claims against Trooper Richard, we find that the claims against the DPSC must also be dismissed. Therefore, summary judgment as to the claims against the DPSC was also appropriate.

For the reasons set forth in this opinion, the judgment of the trial court granting summary judgment in favor of Trooper Chad Richard, John Doe, and the Louisiana Department of Public Safety and Corrections, dismissing the claims of George Morgan with prejudice, is affirmed. All costs of this appeal are assessed to George Morgan.

**AFFIRMED.**